NICHOLAS WHITE vs. CITY OF MEDFORD.

Middlesex. January 22, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Land Damages — Evidence.*

At the trial of a petition for the assessment of damages caused by laying out and constructing a way over land, which was a stone quarry, the rock of which extended beyond the limits of the location, the respondent city has no ground of exception to the admission of evidence that rock claimed to be suitable for quarrying, and situated on the petitioner's remaining land adjacent to the way, had been shattered in constructing the way by the explosion of dynamite in large drill-holes sunk very deeply, as shown by marks in the faces of the rock; and it is immaterial whether the work of constructing the way was done by the servants of the city, or by an independent contractor.

An exception will not be sustained to the exclusion of evidence which the bill of exceptions does not show to have been material.

PETITION, for the assessment of damages caused by the laying out and construction of a way called Governor Avenue in the defendant city over land of the petitioner, which was a stone quarry, including damages to his remaining land. At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the petitioner; and the respondent alleged exceptions, which appear in the opinion.

*B. F. Hayes*, for the respondent.

*J. E. Cotter & R. M. Saltonstall*, for the petitioner.

BARKER, J. The bill states four exceptions taken by the respondent at the trial of a petition for the assessment of damages by reason of the laying out and construction of Governor Avenue over land of the petitioner, including damage to his remaining land. The first and third exceptions have been waived.

The second exception was to the introduction of evidence that rock claimed to be suitable for quarrying, and situated on the petitioner's other or remaining land adjacent to the avenue, had been very much shattered in constructing the road by the explosion of dynamite in large drill-holes sunk very deeply, as shown by marks in the faces of the rock. It was in evidence that the

road was constructed under the authority of the city by a contractor under a written contract, which is set out, and the ground of the objection was that the work of construction was done by an independent contractor. It is needless to discuss the question whether the relation of the contractor to the city was such that the city was not liable for negligence of the contractor in its performance. The respondent's exception was merely to the admission of the evidence. He makes no complaint of any instruction as to its use, nor are the instructions of the court to the jury mentioned in the bill of exceptions. That portion of the petitioner's land included in the location of the road was a quarry which had been used and operated for many years, and the rock extended beyond the limits of the location. The duty imposed upon the city to build a road in such a locality required it to excavate the rock within the limits of the location. We do not understand that the evidence tended to show that drill-holes had been made or dynamite exploded outside of the limits of the road, but that the explosion of dynamite in the rock within the limits had shattered the adjacent rock. If this was a necessary effect of excavating the roadway by reasonable blasting of the rock within its limits, without causing which the road could not be properly constructed, the city was liable for it upon this petition, whether the work was done by an independent contractor or by its own servants, and if it was not a necessary result of excavating the rock within the limits of the road the city would not be answerable for it in this petition, whether done by a contractor or by its servants. *Dodge* v. *County Commissioners*, 3 Met. 380. *Brown* v. *Providence, Warren, & Bristol Railroad*, 5 Gray, 35. If answerable for it at all in the latter case, the city would only be answerable in an action of tort. Upon one view of the case, namely, that the shattering of the adjacent rock was something which must necessarily result from the removal of the rock within the limits of the way in any reasonable and practicable manner, the evidence was admissible, and the exception must be overruled.

The remaining exception was to the exclusion of a question asked by the respondent to a witness called by it to show that the stone in the petitioner's quarry was of poor quality, and so difficult to be worked as to be of no value. He testified that, having

taken a job of paving in Medford for the city, it was part of the contract that the city should give him the stone, and that he was to break or cut it into the necessary blocks; that the stone was of the same kind as that of the petitioner's quarry, and was upon land adjoining and close to that quarry, and was as easy to get out; but that it was so expensive to get the stone into blocks that he was obliged to abandon it and purchase stone elsewhere; and that the stone he so purchased cost less delivered than it cost him to get out the stone given to him by the city. He further testified that the petitioner's quarry could not be worked at a profit, and that the property taken had no value for a quarry. He was then asked where he obtained the stone which he had purchased, and the respondent's exception is to the exclusion of this question. It does not appear what answer the question was intended to bring, and it is not shown that the question was material. *Exceptions overruled.*